IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NATHAN SCOTT MCGEE,**

      **Plaintiff,**

vs.                                                                        Civ. No. 02-0882 LCS/JHG

**CITY OF CARLSBAD, CARLSBAD POLICE
DEPARTMENT, JAMES KOCH, Chief of the
Carlsbad Police Department, SERGEANT JOEY
GONZALES, CORPORAL KEVIN FLOREZ,
DETECTIVE DANIEL FIERRO, OFFICER
RON FORBES, OFFICERS JOHN DOES,
EDDY COUNTY COMMISSION, EDDY
COUNTY SHERIFF'S OFFICE, KENT WALLER,
Sherriff of Eddy County, DEPUTY LANCE
RIDGEWAY, SERGEANT LEON NEWMAN, and
DEPUTIES JOHN DOES,**

      **Defendants.**

## MEMORANDUM OPINION

      **THIS MATTER** came before the Court on Defendants' Motions for Summary Judgment (Docs. 50 and 52). The United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636, and having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that the Motions are well-taken and should be **GRANTED**.

## PROCEDURAL HISTORY

      City of Carlsbad Defendants filed a Motion for Summary Judgment on July 9, 2003 (Doc. 50). Eddy County Defendants filed a Motion for Summary Judgment on July 10, 2003 (Doc. 52). The Local Rules of the United States District Court for the District of New Mexico provide that a response is due fifteen calendar days after service of a motion. *See* D.N.M.LR-Civ. 7.1 (a). Because

Defendants' Motions were served on July 9, 2003 and July 10, 2003 respectively, Plaintiff's responses were due on July 24, 2003 and July 25, 2003.

On July 31, 2003 Plaintiff filed a Motion for Extension of Time until August 4, 2003 to Respond to Defendants' Motions for Summary Judgment (Docs. 60 and 61). Plaintiff was granted a seven-day extension to respond (Doc. 63). Again, Plaintiff failed to respond and filed another untimely Motion for Extension of Time to Respond to Defendants' Motions for Summary Judgment on August 15, 2003 (Docs. 67 and 68). On August 15, 2003 Plaintiff was again granted an extension of time to respond (Doc. 69). Plaintiff's response was due on August 22, 2003. Plaintiff responded on August 25, 2003 (Doc. 70). Defendants Eddy County filed a reply on September 4, 2003 (Doc. 71) and Defendants City of Carlsbad filed a reply on September 9, 2003 (Doc.73).

## ANALYSIS

Plaintiff has failed to timely respond to the Motion for Summary Judgment. Plaintiff has come forward with no additional information to controvert the information provided in the Answer and the Motions for Summary Judgment and supporting Memorandum. In the August 15, 2003 Order the Court reminded Petitioner "that failure to file a Response within the time period specified in this Order will be considered a consent by the Plaintiff to granting of the Motion to Dismiss this matter WITH PREJUDICE." *See* Doc. 69.

Civil Rule 7.1 (b) of the District of New Mexico Local Rules, provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Plaintiff failed to file a response to the Motion for Summary Judgment before this Court within the specified time. As such, the failure of Plaintiff to respond to the Motion within the period specified by the Court constitutes his consent to granting of the Motion.

In *Meade v. Grubbs*, the Tenth Circuit noted that "[d]ismissal of an action with prejudice is

a severe sanction, applicable only in extreme circumstances."*Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)(internal citations omitted).  The *Meade* analysis requires the Court to consider three aggravating factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."*[1]*

The Tenth Circuit has placed particular emphasis on the third factor.[2]  In *Hancock v. City of Oklahoma City*, an attorney inadvertantly overlooked opposing counsel's service of motion for summary judgment and therefore failed to respond, resulting in delay of almost two weeks.  *Hancock v.City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988).  The Court of Appeals held that the district court abused its discretion in denying plaintiff's motion for reconsideration following the dismissal of the case based on a local rule.  *Id.*  In *Hancock*, the non-moving party was not even aware of opposing counsel's motion and understandably failed to respond in a timely manner.  *Id.*  In the instant matter, however, Plaintiff was aware of Defendants' Motions for Summary Judgment and was not timely with his response to the motions, nor has he been timely in moving for an extension of time to respond.  Moreover, the Court generously extended the time period for Plaintiff's response, not once but twice, and in neither case did Plaintiff respond within the specified time limits.  Plaintiff did not respond within the time limits as required by local rule nor did he respond within either of the time limits as extended by order of the Court.  As such, this is the extreme situation alluded to in *Meade,* and it therefore warrants a severe sanction.

In the instant matter, I have considered Plaintiff's failure to timely respond to the Motion, the

---

[1]  *Meade*, 841 F.2d at 1521 (internal citations omitted).

[2]  *See also, Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).

prejudice to Defendants caused by Plaintiff failure to comply with the Order of the Court, and the consequent waste of valuable judicial resources. I note that Plaintiff has provided the Court with no information to indicate any lack of culpability on his part for his failure to timely respond.

In addition, the Court has examined the record and has made all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp*. 221 F.3d 1160, 1164 (10th Cir. 2000). However, it is apparent that "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587 (citing *First National*, 391 U.S. at 289 (1968)). Plaintiff, as the party opposing summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts"; he must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing **Fed. Rule Civ. P.** 56(e)). Plaintiff has failed to timely respond and has failed to carry his summary judgment burden. Defendants are entitled to judgment as a matter of law. Judgments consistent with this opinion will be entered.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**